UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FERN HAWLEY,

        Plaintiff

v.

RAYMOND GELABERT, M.D.,
CLAIRE HAMMER, CAROL PARKER,
MARY ANN SCHORFHAAR, and,
CORRECTIONAL MEDICAL SERVICES,
INC.,

        Defendants.
                              /

Case No. 1:06-cv-209

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion filed by defendants Dr. Raymond Gelabert and Correctional Medical Services, Inc. ("CMS") pursuant to Fed. Rules Civ. Proc. 12(b)(6), which seeks dismissal under the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005) (docket no. 14).   Defendants Claire Hammer, Carol Parker and Mary Ann Schorfhaar, employees of the Michigan Department of Corrections (MDOC) have filed a concurrence with this motion (docket no. 22).   Finally, plaintiff has moved for leave to file an amended complaint (docket no. 26).

        **I.**    **Introduction**

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any

right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

## II.     Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104. Under the total exhaustion rule as announced in *Jones Bey*, "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones Bey*, 407 F.3d at 805.

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to exhaust his grievances. Under Fed. Rules Civ. Proc. 12(b)(6), a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

### III. Procedural Background

Plaintiff sets forth the following allegations in his complaint. He was diagnosed with hypoglycemia in 1996 and 2001, and that he was placed on a dietline with snacks in between meals at the Gus Harrison correctional facility. Compl. at ¶ V. When plaintiff was transferred to the Florence Crane facility, he was placed on the dietline with snacks in between meals, but after 15 days the dietician canceled his "treatment." *Id.* On August 24, 2005 a "fill in" doctor reviewed his file and placed him back on the dietline and snacks. *Id.* After four days the dietician, defendant Hammer disobeyed the "fill in" doctor's order placing plaintiff on dietline and snacks. *Id.*

Plaintiff seeks relief against defendant Hammer for canceling the doctor's order for dietline and snacks. Plaintiff names four additional defendants. First, defendant Dr. Gelabert "didn[']t do his job or anything to address my medical needs" when defendant Hammer gave him plaintiff's chart. *Id.* Second, defendant "Carol Parker  RN Supervisor is involved because she is in charge of all the files and lab works and she didn[']t do anything after talking to her." *Id.* Third, defendant Schorfhaar "is involved because she is in charge of all the medical staff and after [kiting] her kite after kite she didn[']t do anything to help me." *Id.* Fourth, defendant CMS "is involved because [they are] the ones that make the calls to what happens to the Healthcare of the inmates and are in charge of all medical staff" at the facility. *Id.*

Plaintiff seeks a court order directing the MDOC and medical staff to reinstate him on the dietline and snack bags in between meals. *Id.* at ¶ VI. Plaintiff also seeks compensation for every day that he has been without his "medical treatment" since May 17, 2003 and court costs. *Id.*

### IV.    Discussion

Plaintiff exhausted two grievances prior to filing the complaint: ACF-05-09-1005-12H1 and ACF-03-07-0514-12H1. Defendants contend that plaintiff failed to name defendant CMS in either grievance. The court agrees. Grievance ACF-05-09-1005-12H1 names defendants Hammer, Gelebart, Parker and Schorfhaar. *See* attachment to compl. Grievance ACF-03-07-0514-12H1 names defendants Hammer, Gelebart and non-party Warden Langley. *Id.* Plaintiff's grievances are limited to his claims against the individual defendants. Plaintiff has failed to demonstrate that he exhausted his claims against defendant CMS. Because the complaint contains both exhausted and unexhausted claims, it is subject to dismissal without prejudice under the total exhaustion rule. *Jones Bey*, 407 F.3d at 805.

Plaintiff did not file a response to defendants' motion to dismiss. Rather, he apparently seeks to cure this defect by filing an amended complaint (docket no. 26). In his motion, plaintiff seeks leave to file an amended complaint because "[t]here have been new developments since the initial filing, which require being presented to the Court." Contrary to plaintiff's motion, the proposed amended complaint does not include any "new developments." The only substantive change in the proposed amended complaint is the elimination of plaintiff's claim against defendant CMS. The issue before the court is whether plaintiff can avoid the PLRA's exhaustion requirement and the total exhaustion rule by amending his complaint after a defendant has moved to dismiss the unexhausted claim.

Plaintiff did not file a grievance against defendant CMS.  Nevertheless, he filed suit against CMS with the intent to obtain injunctive relief and a monetary judgment against it. Plaintiff's action subjected CMS to this suit and required it to retain counsel.  CMS responded to plaintiff's allegation by moving to dismiss plaintiff's claims as unexhausted.  Plaintiff did not respond to the motion as required by W.D. Mich. LCivR 7.2(c) or defend his original complaint in any way.  Rather, he attempts to avoid the exhaustion issue by amending his complaint to eliminate the claim against defendant CMS.  Plaintiff had no basis for filing suit against CMS.  "[A] prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir.2002) (footnote omitted). *See Vartinelli v. Moskalik*, No. 1:03-cv-323,  2006 WL 314448 at *2 (W.D.Mich. Feb. 9, 2006) (Miles, J.) ("[t]his court fails to discern any operative distinction between allowing a prisoner plaintiff leave to amend in order to properly plead exhaustion and allowing him leave to amend in order to omit unexhausted claims").  Accordingly, plaintiff's motion to amend should be denied.

### Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (docket no. 14) be **GRANTED** and that plaintiff's motion to amend (docket no. 26) be **DENIED**.

Dated:  September 19, 2006             /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).