UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID FERN HAWLEY,

      Plaintiff,

v.                                                    Case No. 1:06-CV-209

RAYMOND GELABERT, M.D.,             HON. GORDON J. QUIST

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      The Court has before it Defendant Dr. Raymond Gelabert's Objections to the report and recommendation dated January 4, 2008. In his report and recommendation, Magistrate Judge Brenneman recommended that: (1) the Court vacate its October 5, 2006, Order adopting the September 19, 2006, report and recommendation that Dr. Gelabert's and Correctional Medical Services, Inc.'s motion to dismiss based on the total exhaustion rule be granted; and (2) Defendants' motion to dismiss (docket no. 43) based upon lack of exhaustion be granted with respect to Defendants Parker and Schorfaar but denied with respect to Defendants Hammer and Dr. Gelabert.

      After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

      Dr. Gelabert raises two points in his Objections. He first argues that he should not be added back to the case because the magistrate judge relied upon inaccurate information in making that recommendation. Regarding this issue, the magistrate judge stated:

> Defendant Dr. Gelabert was dismissed pursuant to the now-invalid "total exhaustion" rule. In light of the subsequent decision in *Bock* [*Jones v. Bock*, 127 S. Ct. 910 (2007)], the court should vacate its previous order dismissing Dr. Gelabert. By filing the present motion to dismiss, it appears that Dr. Gelabert assumed that he

>  remained a party to this suit. Accordingly, I recommend that the court vacate its October 5, 2006 dismissal of Dr. Gelabert and re-instate him as a defendant in this suit.

(Report & Recommendation at 2.) Dr. Gelabert points out that the magistrate judge concluded that Dr. Gelabert assumed that he remained a party to this suit because the Michigan Attorney General's Office, which represents Defendants Hammer, Parker, and Schorfaar, mistakenly listed Dr. Gelabert as a State defendant represented by that office when, in fact, Dr. Gelabert was a contractor with Defendant Correctional Medical Services and not a State employee. The Notice of Scrivener's Error (docket no. 51) filed by the Attorney General's Office confirms that Dr. Gelabert was mistakenly included in that motion.

Even though the magistrate judge's observation arose from an inaccurate assumption based upon a mistake by the Attorney General's Office, his reasoning is still sound. That is, he correctly observed that Dr. Gelabert was dismissed based upon the now-invalid "total exhaustion" doctrine and should be added back to the case. Dr. Gelabert offers no persuasive reason why the Court should reject this recommendation. Moreover, because the October 5, 2006, Order was not a final order, it is interlocutory, and the Court has inherent power to reconsider it at any time. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004). Therefore, the Court rejects this argument and will reinstate Dr. Gelabert as a Defendant.

Dr. Gelabert's second argument is that the magistrate judge erred in concluding that Plaintiff's grievances were timely and, therefore, properly exhausted. With regard to the first grievance, Grievance ACF-03-07-0514-12H1, the magistrate judge concluded that while Plaintiff failed to file his Step I grievance within five business days as required by the applicable MDOC policy, Plaintiff should still be considered as having properly exhausted the grievance because it was neither rejected outright nor considered untimely at any step of the grievance appeal process. The

2

magistrate judge did not consider the second grievance, , Grievance ACF-05-09-1005-12H1, untimely, likely because the State Defendants failed to present any specific argument that this grievance was untimely.

In support of his argument regarding Grievance ACF-03-07-0514-12H1, Dr. Gelabert attaches three cases to his Objections, but those cases are inapposite because in all three cases the prisoner-plaintiffs' grievances were rejected as untimely in the grievance process. As Magistrate Judge Brenneman noted, the timeliness of Grievance ACF-03-07-0514-12H1 was never an issue, and the grievance was addressed on the merits. In fact, Dr. Gelabert does not even address this facet of the magistrate judge's reasoning, with which the Court agrees.

Regarding Grievance ACF-05-09-1005-12H1, Dr. Gelabert claims that the grievance was untimely because it gives a date of incident of August 24, 2005, but Plaintiff did not file the grievance until September 2, 2005. However, the grievable issue did not arise until August 29, 2005, when Plaintiff was denied his diet line and snack bags. Plaintiff alleged that the "fill in doctor" gave an order for these things on August 24, and he received them through August 29, when Defendant Hammer said Plaintiff would not be getting the detail until Dr. Gelabert reviewed Plaintiff's chart. Thus, prior to August 29, there was no issue to grieve, and Plaintiff's grievance was timely because he filed it within five days of the grievable incident on August 29. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 4, 2008 (docket no. 49) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Court's October 5, 2006, Order (docket no. 37) is **VACATED**, and Defendant Dr. Gelabert is reinstated as a Defendant.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (docket no. 43) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with respect to Defendants Parker and Schorfaar, who are **dismissed** from this action. The motion is **denied** with respect to Defendants Hammer and Dr. Gelabert.

Dated: February 29, 2008                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE